# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:12-CR-00059-JRG-JDL |
| v. | § |
| | § |
| | § |
| | § |
| KAIL DEMOND LACY JR. (9), | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 22, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kail Demond Lacy Jr. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offenses of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base (Count 1), a Class C felony, and Use, Carrying, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 7), a Class A felony. The United States Sentencing Guideline range for Count 1, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. The United States Sentencing Guideline range for Count 7, based on a total offense level of 16 and a criminal history category of I, was 60 months, consecutive to all other Counts. On December 09, 2013, District Judge Michael H. Schneider sentenced Defendant to 81 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug testing and treatment. On April 24, 2015, District Judge

Michael H. Schneider reduced the sentence to 75 months imprisonment. On February 12, 2018, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer. In its petition, the government alleges that Defendant violated his conditions of supervised release when he did not notify his probation officer within 72 hours of being questioned by DPS on July 21, 2018.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he did not notify his probation officer within 72 hours of being questioned by DPS on July 21, 2018, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 3 of the government's petition. In exchange, the government agreed to recommend a sentence of 5 months imprisonment, with 2 years supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Kail Demond Lacy Jr.'s plea of true be accepted and he be sentenced to 5 months imprisonment, with 2 years supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI

Seagoville, if available as determined by the Bureau of Prisons, otherwise at FCI Texarkana. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 22nd day of August, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE